■ EVER-LAST SPECIALTY SHOPPE, INC., Plaintiff, v. MAP REALTY ASSOCIATES et al., Defendants, and MALLUZZO CONSTRUCTION CORP., Defendant and Third-Party Plaintiff-Respondent. PAM CONSTRUCTION CORP., Third-Party Defendant-Appellant. — In a negligence action to recover damages for property injury, the third-party defendant appeals from an order of the Supreme Court, Westchester County, dated June 5, 1967, which denied its motion to dismiss the third-party complaint on the ground that it fails to state a cause of action (CPLR 3211, subd. [a], par. 7). Order reversed, on the law, with $10 costs and disbursements, and third-party complaint dismissed. In our opinion the allegations of the third-party complaint, read in conjunction with the main complaint, do not state a cause of action for common-law indemnification against the third-party defendant. The pivotal paragraph of the third-party complaint (par. Eleventh) alleges that the employees of the third-party plaintiff working at the job site in question "were doing so at the request of and under the exclusive direction, control and supervision of the Third Party Defendant" and that these workmen were performing this

work "as temporary employees of the Third Party Defendant and were not at said times and places performing any work for nor furthering the business of Third Party Plaintiff." The third-party complaint (in par. Twelfth) clearly characterizes the workmen of the third-party plaintiff further as "temporary employees" of the third-party defendant and "temporarily on loan" to the third-party defendant as well as alleging that the third-party defendant had "exclusive supervision, direct[ion] and control of the employees" of the third-party plaintiff. As the third-party complaint is framed, it does not allege a theory of passive negligence on the part of the third-party plaintiff. Consequently, since there is not alleged any basis for recovery over, the third-party complaint must be dismissed. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.